**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No.

VERA ALICE WHITE, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF AARON WHITE (APPLICATION PENDING)

Plaintiff,

v.

THE UNITED STATES OF AMERICA

Defendant.

---

## COMPLAINT

---

Plaintiff, Vera Alice White, individually and as personal representative of the estate of

Aaron White (Application Pending), by and through her attorneys of record, KILLIAN DAVIS

Richter & Mayle, PC, hereby submits this COMPLAINT, and in support thereof states as

follows:

### PARTIES, JURSIDICTION, AND VENUE

1.      The action arises under the Federal Tort Claims Act, U.S.C., Title 28, Section

1346(b).

2.      Plaintiff, Vera Alice White ("Alice White"), is a citizen of the Delta County, State

of Colorado, United States, who resides at the following address: 524 E. 20th Street, Delta, CO,

81416.

3.      At all relevant times, Aaron White (deceased) was a citizen of Delta County, Colorado, United States, who resided at the following address: 524 E. 20th Street, Delta, CO, 81416.

4.      Alice White, at all relevant times, was the lawful wife of Aaron White.

5.      The Department of Veterans Affairs ("VA") is a federal agency.  The local VA Veterans Health Care System is located at 2121 North Avenue, Grand Junction, CO 81501.

6.      The tortious acts of an agent of the United States that are described in this Complaint occurred in the State of Colorado.

7.      Under the Federal Tort Claims Act, the district court must determine whether the United States is subject to tort liability by applying the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b); *Levin v. United States*, 133 S. Ct. 1224, 1228, 185 L. Ed. 2d 343 (2013).

8.      More specifically, a claimant is entitled to recovery in tort under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  28 U.S.C. § 1346(b)(1).

9.      The claims for relief set forth below are subject to the applicable laws of the State of Colorado.

10.     On March 13, 2018, Killian Davis Richter & Mayle, P.C. ("KDRM"), on behalf of Alice White, filed an administrative action with the VA.

11.     On April 5, 2018, the VA sent written confirmation to KDRM that the claim had been received.

12.     On April 27, 2018, the VA sent written notice to KDRM that Alice White's administrative action was denied.

13.     Jurisdiction is proper under the Federal Tort Claims Act, U.S.C., Title 28, Section 2675.  Plaintiff has a clear right to file suit.

## GENERAL ALLEGATIONS

14.     Plaintiff incorporates by reference each paragraph of this complaint.

15.     On March 14, 2016, and at all times relevant to this complaint, Amanda McSweeney, M.D., was an employee and agent of the VA.

16.     On May 15, 2017, and at all times relevant to this complaint, Emma C Bacharach, PA-C, was an employee and agent of the VA.

17.      On June 27, 2017, and at all times relevant to this complaint, nurse Jonathan Phipard was an employee and agent of the VA.

18.     In 2017, and at times relevant to this complaint, John Severs, M.D., was an employee and agent of the VA.

## March 14, 2016

19.     On March 14, 2016, Arron White presented to the VA in Grand Junction, Colorado, with complaints of rectal pain.

20.     Mr. White was seen by Amanda McSweeney, M.D.

21.     Dr. McSweeney assessed Mr. White as follows:

> Peri-anal pain. No real good explanation for cause. I do not appreciate any hemorrhoids in need of treatment at this exam. It is unlikely that internal hemorrhoids would be a cause of discomfort, as they are by definition above the dentate line and not subject to the same innervation, which is what makes banding possible. Anyhow, bleeding is not part of

the current complaint, and I do not feel that there is any banding indicated at this juncture.

22.     Dr, McSweeney only performed a visual examination and did not order any imaging or testing, despite noting that she was unable to determine the cause of Mr. White's peri-anal pain.

23.     Dr. McSweeney did not recommend any follow-up examination, nor did she refer Mr. White for any further evaluation or treatment.

**May 15, 2017**

24.     On May 15, 2017, Mr. White presented to Dr. McSweeney for evaluation of painful, itchy rectum with bowel movements. Emma Bacharach, PA-C, performed the evaluation.

25.     Dr. McSweeney had treated Mr. White the previous year for a similar problem. Mr. White reported that his symptoms had worsened over the year.

26.     Upon examination, Ms. Bacharach noted as follows: "Mr. White had irritated, tender, and skin tag at 6 o'clock outside of anus and had no evidence of hemorrhoids."

27.     Ms. Bacharach assessed irritated perianal skin tag.

28.     No imaging or testing was recommended or ordered.  Ms. Bacharach did not recommend any follow-up examination or provide a referral.

29.     Dr. McSweeney agreed with Ms. Bacharach's assessment.

**June 29, 2017**

30.     On June 29, 2017, Mr. White, in telephone conversation with Nurse Jonathan Phipard, stated that Dr. McSweeney did not do anything with his hemorrhoids.

31.     Mr. White also noted that he had consulted Dr. Severs in the spring and Dr. Severs was going to set him up with another surgeon, but instead was again advised to see Dr. McSweeney.

32.     Mr. White did not get a new physician.

33.     Mr. White noted that his hemorrhoids were bleeding, painful and he had to sit sideways, flap hanging down that bleeds and all of these nodules.

### July 19, 2017

34.     On July 19, 2017, Mr. White presented to Dr. Hanly for a second opinion regarding painful, severe itchy hemorrhoids.

35.     Mr. White stated that he has seen by surgery physician twice in the last one and half year.

36.     Upon examination, Dr. Hanly noted that Mr. White had large external hemorrhoids visible and irritated with associated skin tags which appear very inflamed.

37.     On digital rectal examination, Mr. White was very tender and had grade 2/3 internal hemorrhoidal tissue.

38.     Dr. Hanly assessed internal/external hemorrhoids which have failed non-operative management.

39.     Dr. Hanly recommended surgical 1under GA in Jackknife prone position.

### Hemorrhoidectomy, Subsequent Cancer Diagnosis, Treatment, and Death of Aaron White

40.     On July 26, 2017, Mr. White presented to Dr. Langston for pre-operative anesthetic evaluation secondary hemorrhoidectomy.

41.     On August 8, 2017, Dr. Hanly performed two column hemorrhoidectomy of Mr. White under general anesthesia by Dr. Wataha.

42.     Mr. White tolerated the procedure well.

43.     The pre-operative diagnosis and post-operative diagnosis was grade three to four hemorrhoids.

44.     On August 8, 2017, Dr. Phillips performed a surgical pathology examination of specimen obtained from Mr. White's central column hemorrhoid and left column hemorrhoid, hemorrhoidectomy.

45.     The study revealed ventral column hemorrhoid at least superficially invasive squamous cellcarcinoma, arising in a background of high gradeanal intraepithelial neoplasia (ain 3) and squamous cell carcinoma and high grade analintraepithelial neoplasia present at thesurgical margins. Left column haemorrhoid, hemorrhoidectomy-haemorrhoid tissue with focal high-grade analintraepithelial neoplasia (ain 2), present at the surgical margin.

46.     On August 15, 2017, Dr. Hanly wrote to Mr. White regarding to his recent hemorrhoid surgery.

47.     Dr. Hanly stated that one of the two columns of hemorrhoids had a superficially invasive squamous cell carcinoma and second column had some focal high grade intraepithelial neoplasia.

48.     Dr. Hanley recommended additional treatment.

49.     Between August 18, 2017, and his death on January 12, 2018, Mr. White incurred significant treatment for the cancer, including chemotherapy and radiation therapy.

50.     Mr. White's health continue to deteriorate in 2017 and 2018 due to the delayed diagnosis of his cancer and resulting delay in treatment.

51.     Mr. White passed away on January 12, 2018.

52.     Alice White is Aaron White's surviving spouse.

53.     Alice White has applied with the Delta County District Court to be appointed the Personal Representative of the Estate of Aaron White.

**RESPONDEAT SUPERIOR**
**U.S.C., Title 28, Section 1346(b)**

54.     Plaintiff incorporates by reference each and every paragraph of this complaint.

55.     Dr. McSweeney was an employee and agent of the VA at all times relevant hereto.

56.     Dr. McSweeney was acting within the course and scope of her employment and authority with the VA at all times relevant hereto.

57.     Under U.S.C., Title 28, Section 2674, the United States is liable for torts in the same manner and to the same extent as a private individual under like circumstances.

58.     The acts or omissions of Dr. McSweeney are in law the acts or omissions of the VA.

59.     The VA is liable for the negligent acts or omissions of Dr. McSweeney.

60.     Ms. Bacharach was an employee and agent of the VA at all times relevant hereto.

61.     Ms. Bacharach was acting within the course and scope of her employment and authority with the VA at all times relevant hereto.

62.     Under U.S.C., Title 28, Section 2674, the United States is liable for torts in the same manner and to the same extent as a private individual under like circumstances.

7

63.     The acts or omissions of Ms. Bacharach are in law the acts or omissions of the VA.

64.     The VA is liable for the negligent acts or omissions of Ms. Bacharach.

65.     Mr. Phipard was an employee and agent of the VA at all times relevant hereto.

66.     Mr. Phipard was acting within the course and scope of her employment and authority with the VA at all times relevant hereto.

67.     Under U.S.C., Title 28, Section 2674, the United States is liable for torts in the same manner and to the same extent as a private individual under like circumstances.

68.     The acts or omissions of Mr. Phipard are in law the acts or omissions of the VA.

69.     The VA is liable for the negligent acts or omissions of Mr. Phipard.

70.     Dr. Severs was an employee and agent of the VA at all times relevant hereto.

71.     Dr. Severs was acting within the course and scope of her employment and authority with the VA at all times relevant hereto.

72.     Under U.S.C., Title 28, Section 2674, the United States is liable for torts in the same manner and to the same extent as a private individual under like circumstances.

73.     The acts or omissions of Dr. Severs are in law the acts or omissions of the VA.

74.     The VA is liable for the negligent acts or omissions of Dr. Severs.

75.     Dr. McSweeney, Ms. Bacharach, Mr. Phipard, and Dr. Severs are hereinafter referred to in this complaint collectively as "the VA employees."

**FIRST CLAIM FOR RELIEF AGAINST THE VA**
**NEGLIGENCE OF EMPLOYEE**
**SURVIVAL ACTION**
**LIABILITY BASED UPON RESPONDEAT SUPERIOR**
**U.S.C., Title 28, Section 1346(b)**
**CJI-Civ. 9:1 (CLE ed. 2016)**

76.     Plaintiff incorporates by reference each and every paragraph of this complaint.

77.     The VA employees, individually and/or collectively, were negligent in their medical care of Aaron White.

78.     The VA employees each owed duties of care to Aaron White.

79.     The VA employees each breached the duties of care they owed to Aaron White.

80.     As a result of the VA employees' breaches of the duties of care they owed to Aaron White, Aaron White had delayed diagnosis of his cancer and delay in treatment of his cancer.

81.     Aaron White incurred injuries, damages, and losses as a result of the delayed diagnosis of his cancer and delay in treatment of his cancer.

82.     The VA employees' negligence, individually and/or collectively, was a cause of Aaron White's injuries, damages, and losses resulting from the delayed diagnosis of his cancer and delay in treatment of his cancer.

**SECOND CLAIM FOR RELIEF AGAINST THE VA**
**NEGLIGENCE OF EMPLOYEE**
**LOSS OF CONSORTIUM**
**LIABILITY BASED UPON RESPONDEAT SUPERIOR**
**U.S.C., Title 28, Section 1346(b)**
**CJI-Civ. 9:1 (CLE ed. 2016)**

83.     Plaintiff incorporates by reference each and every paragraph of this complaint.

84.     The VA employees, individually and/or collectively, were negligent in their medical care of Aaron White.

85.     The VA employees each owed duties of care to Aaron White.

86.     The VA employees each breached the duties of care they owed to Aaron White.

87.     As a result of the VA employees' breaches of the duties of care they owed to Aaron White, Aaron White had delayed diagnosis of his cancer and delay in treatment of his cancer.

88.     Alice White incurred injuries, damages, and losses as a result of the delayed diagnosis of Aaron White's cancer and delay in treatment of Aaron White's cancer.

89.     The VA employees' negligence, individually and/or collectively, was a cause of Alice White's injuries, damages, and losses resulting from the delayed diagnosis of Aaron White's cancer and delay in treatment of Aaron White's cancer.

90.     Alice White and Aaron White were married at the time of the VA employees' negligence and at all other relevant times.

91.     As a result of the VA employees' negligence, individually and/or collectively, Alice White had a loss of her rights of consortium.

92.     The VA employees' negligence, individually and/or collectively, was a cause of Alice White's loss of consortium.

## THIRD CLAIM FOR RELIEF AGAINST THE VA
## NEGLIGENCE OF EMPLOYEE
## WRONGFUL DEATH
## LIABILITY BASED UPON RESPONDEAT SUPERIOR
## U.S.C., Title 28, Section 1346(b)
## CJI-Civ. 9:1 (CLE ed. 2016)

93.     Plaintiff incorporates by reference each and every paragraph of this complaint.

94.     The VA employees, individually and/or collectively, were negligent in their medical care of Aaron White.

95.     The VA employees each owed duties of care to Aaron White.

96.     The VA employees each breached the duties of care they owed to Aaron White.

97.     As a result of the VA employees' breaches of the duties of care they owed to Aaron White, Aaron White had delayed diagnosis of his cancer and delay in treatment of his cancer.

98.     Alice White incurred injuries, damages, and losses as a result of the delayed diagnosis of Aaron White's cancer and delay in treatment of Aaron White's cancer.

99.     The VA employees' negligence, individually and/or collectively, was a cause of Alice White's injuries, damages, and losses resulting from the delayed diagnosis of Aaron White's cancer and delay in treatment of Aaron White's cancer.

100.    The VA employees' negligence, individually and/or collectively, was a cause of Aaron White's death on January 12, 2018.

101.    The VA employees' negligence, individually and/or collectively, increased the risk that Aaron White would incur a premature death.

102.    The increased risk resulting from the VA employees' negligence, individually and/or collectively, was a cause of Aaron White's death on January 12, 2018.

103.    Protection from the increased risk of premature death was within the range of the duties the VA employees owed to Aaron White.

104.    Alice White incurred injuries, damages, and losses as a result of the delayed diagnosis of Aaron White's cancer and delay in treatment of Aaron White's cancer which was a cause of his January 12, 2018, death.

**DAMAGES**
**U.S.C., Title 28, Section 2674**
**CJI-Civ. 6:1A**

105.    Plaintiff incorporates by reference each and every paragraph of this Complaint.

106.    Defendant is liable for the damages caused by the VA employees' negligence, individually and/or collectively, in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

107.    The negligence of the VA employees, individually and/or collectively, caused Aaron White to incur economic losses up until the date of his death, including but not limited to loss of earnings and medical expenses.

108.    The negligence of the VA employees, individually and/or collectively, caused Alice White, prior to Aaron White's death on January 12, 2018, to incur noneconomic damages in the form of loss of affection, society, companionship, and aid and comfort from Aaron White.

109.    The negligence of the VA employees, individually and/or collectively, cause Alice White, prior to Aaron White's death on January 12, 2018, to incur economic damages in the form of loss of Aaron White's household services.

110.    The negligence of the VA employees, individually and/or collectively, caused Alice White, after Aaron White's death on January 12, 2018, to incur past, present and future

non-economic injuries, damages and losses, including grief, loss of companionship, pain and suffering, emotional stress, and impairment of the quality of life.

111.     The negligence of the VA employees, individually and/or collectively, caused Alice White, after Aaron White's death on January 12, 2018, to incur past, present and future economic losses, as permitted by sections 13-21-201 to 204, C.R.S., which include but are not limited to medical, autopsy, funeral and burial expenses associated with Aaron White's injuries and death, loss of Aaron White's home services, and loss of future income for his wife.

**WHEREFORE,** plaintiff requests:

A.     Judgment to be entered against defendant for a monetary sum, in an amount to be proven at trial;

B.     Pre-judgment and post-judgment interest;

C.     Costs of litigation, including, but not limited to, deposition costs and expert witness fees; and

D.     Such other and further relief as the court deems just and proper.

SUBMITTED this 26th day of October, 2018.

*/s/ Andrew S. Petroski*
J. Keith Killian, Esq.
Andrew S. Petroski, Esq.
KILLIAN DAVIS Richter & Mayle, PC
202 North Seventh Street
Grand Junction, CO 81501
Telephone: (970) 241-0707
FAX: (970) 242-8375
E-mail:      keith@killianlaw.com
             andrew@killianlaw.com
**Attorney for Plaintiff Vera Alice White**